United States District Court
Southern District of Texas

**ENTERED**

May 22, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ERAY ERKAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-26-2599 |
| vs. | § | |
| | § | |
| WARDEN, Houston Contract Detention | § | |
| Facility, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**TEMPORARY RESTRAINING ORDER**

The petitioner, Eray Erkan, is a detainee in the custody of United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE) officials at the Houston Contract Detention Facility. (Docket Entry No. 1). He is a national of Turkey. (*Id.* at 1, 6). Erkan entered the United States on November 5, 2024, and was placed into removal proceedings. (*Id.* at 6). Erkan was found to have a credible fear of persecution in Turkey. (*Id.*). On September 2, 2025, an immigration judge ordered Erkan removed to Turkey, but also granted withholding of that removal. (*Id.*). Erkan has been detained since he entered the United States in November 2024. (*See id.* at 6–9). Through counsel, he filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 on April 1, 2026. Citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), Erkan seeks relief from continued detainment because no significant likelihood of removal in the reasonably foreseeable future exists.

On April 3, 2026, the court entered an Order to Answer, requiring the respondents to answer the petition by April 10, 2026. (Docket Entry No. 4). The Order also includes the instruction that "[t]he respondents must notify the petitioner's counsel and the court of any

anticipated or planned transfer of Eray Erkan outside of the Southern District of Texas at least five (5) days before any such transfer." (*Id.*).

On April 13, 2026, the federal respondents answered the habeas petition with a motion for summary judgment, arguing that relief should be denied because Erkan is likely to be removed in the reasonably foreseeable future. (Docket Entry No. 5). The motion advised that DHS was actively seeking Erkan's removal to a third country and had requested the following countries accept the petitioner: Canada, Australia, the United Kingdom, El Salvador, Belize, and Uganda. (*Id.* at 2–3; Docket Entry No. 5-2). As of the time of the filing of the motion for summary judgment, Australia, the United Kingdom, and El Salvador had denied the request for acceptance. (Docket Entry No. 5 at 3; Docket Entry No. 5-2). The petitioner filed a reply to the MSJ. (Docket Entry No. 6).

On May 18, 2026, the respondents filed an Advisory stating that "Petitioner will be removed from the United States to the Central African Republic on May 26, 2026." (Docket Entry No. 8).

Erkan has now moved for a temporary restraining order prohibiting his removal from the continental United States until after an immigration judge reviews the denial of his reasonable fear interview. (*See* Docket Entry No. 11 at 6). He has also filed a motion for leave to file an amended petition for a writ of habeas corpus (Docket Entry No. 9), along with the proposed amended petition (Docket Entry No. 10). The motion for a TRO (Docket Entry No. 11) is **granted** and the motion for leave to file an amended petition for a writ of habeas corpus (Docket Entry No. 9) is **granted**.

**A.      Rule 65(d)(1)(A): Why the TRO is Issued**

"To obtain a TRO, a party must satisfy four requirements: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury absent injunction; (3) substantial injury outweighing threatened harm to party against whom injunction is sought; and (4) granting injunctive relief would not disserve the public interest." *NRT Texas LLC v. Wilbur*, No. 4:22-CV-02847, 2022 WL 5434332, at *2 (S.D. Tex. Sept. 7, 2022) (quoting *Planned Parenthood Ass'n of Hidalgo Cnty., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012)).   The third and fourth factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

First, Erkan is likely to succeed on the merits. "[C]ourts considering due process in the withholding context have held that a 'noncitizen must be given sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation.'" *Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1009 (S.D. Tex. 2025) (quoting *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1009 (W.D. Wash. 2019)); *see also Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *2 (W.D. Wash. Nov. 17, 2025) ("If the Government has a removal order but no country to which an IJ has authorized removal—for instance, if the IJ granted withholding of removal to the country designated in the order—it can remove the noncitizen to a third country, meaning any country not designated on the removal order.  In doing so, the Government must follow the same multi-tiered process for selecting a country of removal that applied in the removal proceedings. And in all cases, the INA prohibits removal to countries in which a noncitizen would face persecution[.]") (internal citations omitted); 8 C.F.R. § 1208.31 ("Review by immigration judge. The asylum officer's negative decision regarding reasonable fear shall be subject to de novo review by an immigration judge upon the alien's request.").  An immigration judge has not reviewed Erkan's

3

denied reasonable fear interview. (*See* Docket Entry No. 11 at 4). Erkan is likely entitled to review of his denied reasonable fear interview by an immigration judge. *See* 8 C.F.R. § 1208.31; *Cruz Medina v. Noem*, 806 F. Supp. 3d 536, 548–553 (D. Md. 2025) (granting the petitioner's motion for a preliminary injunction, enjoining the government from removing the petitioner prior to immigration judge review of his assertion of fear of persecution in the third-country to which the government had proposed he be removed based on a finding that, under due process, the petitioner was entitled a reasonable fear interview by an asylum officer and *de novo* review of any negative determination by an immigration judge after having requested that review); *Kumar*, 2025 WL 3204724, at *5 (W.D. Wash. Nov. 17, 2025) ("[D]ue process requires the Government to give a noncitizen sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation.") (internal quotation marks and citation omitted).

Second, Erkan has demonstrated a substantial risk of irreparable harm. The respondents have stated that they intend to remove him by May 26 to the Central African Republic. Because the government has not provided him with review of his denied reasonable fear interview with an immigration judge, he has "demonstrated with near certainty that the asserted harm to his due process rights will occur absent a" temporary restraining order. *See Sagastizado*, 802 F. Supp. 3d at 1014. "Such injury would constitute an irremediable error and weighs heavily in favor of a finding of irreparable harm." *Id.*

Third, the balance of the equities and the public interest weigh in favor of granting the TRO. "[T]here is a public interest in preventing aliens from being wrongfully removed . . . . ." *Nken*, 556 U.S. at 436. That interest must be balanced with "a public interest in prompt execution of removal orders," *id.* at 436, and with the lack of a "public interest in the perpetuation of unlawful

agency action," *Sagastizado*, 802 F. Supp. 3d at 1016 (cleaned up).  Because "removal is likely in violation of [the petitioner's] procedural due process rights under the Fifth Amendment," enjoining the respondents from removing him before an immigration judge reviews the denial of his reasonable fear interview "is in the public interest."  *Id.*  Granting the temporary restraining order is in the public interest.

### B.    Rule 65(d)(1)(B)–(C): Specific  Terms & Acts Restrained

The respondents and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them:

(1) are enjoined from removing Eray Erkan from the United States pending further order of this court;

(2) are further enjoined from transporting Eray Erkan outside the Southern District of Texas without prior approval of this court.

This Temporary Restraining Order will remain in effect fourteen days from the day it is signed, unless otherwise ordered by the court.  **The respondents must respond to the motion for a temporary restraining order (Docket Entry No. 11) and the amended petition for writ of habeas corpus (Docket Entry No. 10) by noon on Wednesday May 27, 2026.  A hearing in this case is scheduled for Friday, May 29, 2026, at 2:00 p.m., via Zoom.**

### C.    Rule 65(c): No Bond

The court finds that no bond is necessary as a condition of issuing the temporary restraining order.  *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) ("In holding that the amount of security required pursuant to Rule 65(c) is a matter for the discretion of the trial court, we have ruled that the court may elect to require no security at all." (cleaned up)).

SIGNED on May 22, 2026, at Houston, Texas.

6

Lee H. Rosenthal
Senior United States District Judge

6